IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Shahnawaz Khan, Selton Inacio Rodrigues, and All Others Similarly Situated<br>  Plaintiffs,<br><br>v.<br><br>Z & S Enterprises, LLC d/b/a Fuel Express d/b/a Fuel Express #2; Shamsuddin Karim Ali; and Zohra Ali<br>  Defendants. | Civil Action<br>File No. 4:23-cv-<br><br>Jury Demanded |

**PLAINTIFFS' ORIGINAL CLASS COMPLAINT**

NOW COME Shahnawaz Khan and Selton Inacio Rodrigues ("Plaintiffs"), and all others similarly situated, and complain of Defendants Z & S Enterprises, LLC d/b/a Fuel Express d/b/a Fuel Express #2; Shamsuddin Karim Ali; and Zohra Ali ("Defendants"), and for cause of action respectfully show the following:

**I.
INTRODUCTION AND SUMMARY OF SUIT**

1. Plaintiffs and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from the Defendants.

2. The individual Defendants, Shamsuddin Karim Ali and Zohra Ali, own and operate gasoline stations and convenience stores in and around Houston, Texas ("Gas Stations"), including the (a) Exxon branded gasoline station and convenience store doing business as Fuel Express, located at 7555 Scott Street, Houston, Texas 77021, and (b) Valero branded gasoline station and convenience store doing business as Fuel Express #2, located at 4401 Airline Drive, Houston, Texas 77022.

1

3. In violation of the FLSA, Defendants failed to pay Plaintiffs and Members of the Plaintiff Class their overtime wages. Plaintiffs and Members of the Plaintiff Class routinely worked in excess of 40 hours a week at Defendants' request, yet did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4. Defendants engaged in a fraudulent scheme to evade the FLSA as pertaining to overtime, and therefore violated the FLSA willfully. For decades, Defendants have continued their pattern and practice of not paying overtime wages despite being sued for unpaid overtime by former employees in 2013 (CA No. 4:13-cv-02980).

5. Pursuant to 29 U.S.C. § 207(a) and 29 U.S.C. § 216(b), Plaintiffs and Members of the Plaintiff Class seek unpaid overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiffs file this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Shahnawaz Khan**, is a resident of Harris County, Texas. Plaintiff was an hourly employee who worked at one of Defendants' Gas Stations as a clerk.

9. Plaintiff, **Selton Inacio Rodrigues**, is a resident of Harris County, Texas. Plaintiff was an hourly employee who worked at one of Defendants' Gas Stations as a clerk.

10. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more Gas Stations during the relevant period.

11. Defendant **Z & S Enterprises, LLC d/b/a Fuel Express d/b/a Fuel Express #2** is a validly existing Texas limited liability company that may be served with summons and complaint

by serving its duly appointed registered agent, Shamsuddin Karim Ali at 51 Crown Arbor, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

12. Defendant, **Shamsuddin Karim Ali**, is an individual who may be served with summons and complaint at his residence located at 51 Crown Arbor, Sugar Land, Texas 77498, or at any other address where he may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant. As an 'employer', Mr. Shamsuddin Karim Ali is personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

13. Defendant, **Zohra Ali**, is an individual who may be served with summons and complaint at her residence located at 51 Crown Arbor, Sugar Land, Texas 77498, or at any other address where she may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant. As an 'employer', Ms. Zohra Ali is personally liable to Plaintiffs and Members of the Plaintiff Class for violations of the FLSA.

14. Whenever this complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full

authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

15. In this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing date of this action (i.e., September 14, 2020), and continuing thereafter until time of trial and judgment.

16. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

17. During the relevant period, Mr. Khan was an "employee". 29 U.S.C. § 203(e).

18. During the relevant period, Mr. Rodrigues was an "employee". 29 U.S.C. § 203(e).

19. During the relevant period, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

20. During the relevant period, the Defendants together were an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

21. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

22. For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

23. During the relevant period, Plaintiffs and other clerks working for the Defendants were employees engaged in commerce or in the production of goods for commerce.

24. Each such employee, including the Plaintiffs, engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state, including gasoline and other related products. Such goods also included, without limitation, food items, cigarettes,

alcohol, merchandize, and cleaning supplies.

25. Each employee, including each Plaintiff, also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment and gasoline pumps and gasoline dispensing stations.

26. Each employee, including each Plaintiff, utilized instrumentalities of interstate commerce, including processing credit cards as payment from Gas Station(s) customers, and selling lotto tickets for a nationwide lottery.

## V.
### COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs seek class certification pursuant to 29 U.S.C. § 216(b), and the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

28. Plaintiffs seek notice to issue to all non-exempt employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

29. Each Plaintiff worked overtime hours for which he received no overtime wages.

30. Defendants' wide-spread policies of paying their employees' wages at straight-time rates for all hours worked (including overtime hours worked) violated the FLSA by allowing them to avoid payment of their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

31. By failing to properly document the overtime hours and the related wages, including overtime wages owed to each Plaintiff and to Members of the Plaintiff Class, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA on a weekly basis (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

32. During the class period, the Defendants owned, controlled and operated the Gas Stations, and they implemented the illegal pay policies across their enterprise that was shared by all of their businesses.

33. Defendants' uniform policy of paying their employees' overtime hours worked with straight-time wages is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

34. Members of the Plaintiff Class, and Plaintiffs, have been victimized by Defendants' ill-conceived patterns, practices, and policies in blatant violation of the FLSA.

35. Further, at least since 2013 (the year Defendants were sued for near-identical violations of the FLSA by other employees), Defendants have engaged in willful violations of the FLSA.

36. Each Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of aforestated legal nexus binding them together as a class.

37. Further, although the amount of damages may vary among Members of the Plaintiff Class, there remains no detraction from the common nucleus of liability facts rendering this matter appropriate as a collective action pursuant to 29 U.S.C. § 216(b), and pursuant to the standard set forth by the Fifth Circuit in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

38. All current and former hourly paid employees to whom the Defendants denied overtime compensation in one or more workweek are similarly situated to Plaintiff and are thus appropriate members of the Plaintiff Class.

39. Thus, Plaintiffs seek to represent a class comprised of <u>current and former employees of all Gas Stations who (a) were paid at a straight-time hourly rate for hours worked in excess of forty (40) in any workweek during the class period</u>.

40. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Court.

## VI.
### FACTS

*Mr. Khan's employment with the Defendants.*

41. Defendants employed Mr. Khan as a clerk at their Gas Stations from September 2015, until July 15, 2022.

42. As a clerk, Mr. Khan's job duties included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep of the business premises.

43. From January 1, 2018, until September 20, 2021, Defendants paid Mr. Khan at an hourly rate of $14.00.

44. Thereafter, Defendants paid Mr. Khan at the rate of $15.00 per hour.

45. In order to evade the overtime provisions of the FLSA, Defendants paid Mr. Khan's wages partly by check, and partly with cash.

46. Throughout his employment, Mr. Khan worked well in excess of 40 hours a week.

47. Despite working overtime hours on a weekly basis, Defendants failed to pay Mr. Khan at the statutorily required overtime premium rate of time and one-half of his respective hourly rates.

48. Also, despite Defendants' ongoing statutory duty to keep contemporaneous, accurate, and complete time and pay records, Defendants failed to do so on a weekly basis (see 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

49. Thus, Mr. Khan sues to recover his unpaid overtime wages, along with all other damages allowed under the FLSA.

*Mr. Rodrigues' employment with the Defendants*.

50. Defendants employed Mr. Rodrigues as a clerk at their Gas Stations from August 2019, until August 17, 2022.

51. As a clerk, Mr. Rodrigues performed similar duties as Mr. Khan.

52. From September 2019 until December 31, 2021, Defendants paid Mr. Rodrigues at an hourly rate of $11.00.

53. From January 1, 2021, until May 31, 2022, Defendants paid Mr. Rodrigues at an hourly rate of $12.00.

54. From June 1, 2022, until August 17, 2022, Defendants paid Mr. Rodrigues at an hourly rate of $13.00.

55. In order to evade the overtime provisions of the FLSA, Defendants paid Mr. Rodrigues' wages with cash, every fifteen (15) days.

56. Throughout his employment, Mr. Rodrigues worked well in excess of 40 hours a week.

57. Despite working overtime hours on a weekly basis, Defendants failed to pay Mr. Rodrigues at the statutorily required overtime premium rate of time and one-half of his respective hourly rates.

58. Also, despite Defendants' ongoing statutory duty to keep contemporaneous, accurate, and complete time and pay records, Defendants failed to do so on a weekly basis (see 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

59. Thus, Mr. Rodrigues sues to recover his unpaid overtime wages, along with all other damages allowed under the FLSA.

*The employment of Members of the Plaintiff Class with the Defendants*.

60. All Members of the Plaintiff Class seek to join the collective action because of Defendants' wide-spread policy of not paying their employees at the statutorily required overtime premium rate of time and one-half of their respective hourly rates.

61. Defendants controlled all terms and conditions of employment, including decisions to pay some but not all wages due (i.e., non-payment of overtime wages); each employee's hourly pay rate; the number of hours each employee worked during each workweek; and the operation and management of the Gas Stations where Plaintiffs and Members of the Plaintiff Class worked.

62. The Defendants together own, control and operate the business establishments where Plaintiffs and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of each of these businesses.

## VII.
## CAUSE OF ACTION AND DAMAGES SOUGHT

### Violation of the FLSA –
### Failure to pay wages to Plaintiffs and all others similarly situated

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64. Plaintiffs and Members of the Plaintiff Class are non-exempt employees – that is, they are entitled to receive overtime wages pursuant to the FLSA for all hours they worked in excess of 40 during each seven-day workweek.

65. During their employment with the Defendants, Plaintiffs and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer without receiving overtime pay for these overtime hours.

66. Defendants' pervasive and long-standing practice of not paying overtime wages to Plaintiffs and to Members of the Plaintiff Class violated the FLSA. See, 29 U.S.C. § 207.

67. Because Defendants have a wide-spread policy and practice of not paying employees' overtime, the Defendants and the businesses they controlled committed repeated, continuing, and willful violations of 29 U.S.C. § 201, *et seq*.

68. Defendants knowingly committed these violations of the FLSA. Defendants engaged in a fraudulent scheme to evade the FLSA as pertaining to their overtime obligations under the statute.

69. For decades, Defendants have continued their pattern and practice of not paying overtime wages despite being sued for unpaid overtime by former employees in 2013 (CA No. 4:13-cv-02980).

70. Plaintiffs and Members of the Plaintiff Class now sue for all unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

71. Plaintiffs and Members of the Plaintiff Class also seek liquidated damages in amounts equaling all of their unpaid overtime wages.

72. Plaintiffs and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

73. Plaintiffs and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

74. Plaintiffs and Members of the Plaintiff Class demand a jury trial.

# IX.
## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs Shahnawaz Khan and Selton Inacio Rodrigues, and Members of the Plaintiff Class, respectfully request that upon final hearing the Honorable Court grant relief and enter final judgment against Defendants Z & S Enterprises, LLC d/b/a Fuel Express d/b/a Fuel Express #2; Shamsuddin Karim Ali; and Zohra Ali, jointly and severally, as follows:

a. Authorize issuance of notice to all individuals falling within the class defined in Paragraph 39, informing such individuals of their right to participate in this collective action;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay all overtime wages owed to Plaintiffs and to Members of the Plaintiff Class;

e. Order Defendants to pay liquidated damages to Plaintiffs and to Members of the Plaintiff Class in an amount equaling all unpaid overtime wages;

f. In accordance with 29 U.S.C. §216(b), order the Defendants to pay all attorney's fees and costs that Plaintiffs and Members of the Plaintiff Class necessarily and reasonably incurred in prosecuting this civil action;

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed against the Defendants, including attorney fees and costs; and,

h. Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: <u>*/s/ Salar Ali Ahmed*</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiffs
Shahnawaz Khan and
Selton Inacio Rodrigues, and
Members of the Plaintiff Class**